# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MATTHEW O'HARA,                      )    Case No.  CV 07-3184-JTL
                                     )
            Plaintiff,               )    MEMORANDUM OPINION AND ORDER
                                     )
      v.                             )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
            Defendant.               )
_____ )

## PROCEEDINGS

On May 18, 2007, Matthew O'Hara ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits and Disability Insurance Benefits.  On June 4, 2007, both plaintiff and Michael J. Astrue, Commissioner of Social Security ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on October 30, 2007, defendant filed an Answer to the Complaint.  On January 10, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

///

**BACKGROUND**

On March 29, 2004, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits.  (Administrative Record ["AR"] at 68-70).  The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration and, thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR at 36).

On June 5, 2006, the ALJ conducted a hearing in Los Angeles, California.  (See AR at 438-64 ).  Plaintiff appeared at the hearing with counsel and testified.  (See AR at 442-54, 459-60, 463-64).  Rheta B. King, a vocational expert; Thomas Maxwell, M.D., a medical expert; and Glenn Griffin, Ph.D., a medical expert, also appeared and testified at the hearing.  (See 459-63; 454-57; 457-58).

On September 21, 2006, the ALJ issued his decision denying benefits to plaintiff.  (AR at 13-26).  The ALJ found that plaintiff had the following severe impairments: hypertension, seizure disorder, chronic headaches, hepatitis B and C infections, anemia, osteoarthritis and degenerative disc disease of the cervical and lumbosacral spine, and a history of drug abuse (in reported remission).  (AR at 15).  The ALJ held that plaintiff's severe impairments did not meet or equal the Listings.  (AR at 25).  The ALJ concluded that plaintiff retained the residual functional capacity to perform his past relevant work as a collector, paralegal and data entry clerk, and was, therefore, not disabled.  (Id.).  The Appeals Council denied plaintiff's timely request for review of the ALJ's decision.  (AR at 5-7).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.     The ALJ failed to properly consider the medical record as a whole; specifically, he failed to develop the record, properly reject the opinion of the medical expert, and properly discredit plaintiff's subjective complaints.

2.     The ALJ failed to make factual findings sufficient to support the conclusion that plaintiff retained the ability to perform his past relevant work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.    The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantially gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 141 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is

3

1   presumptively disabled. <u>Bowen</u>, 482 U.S. at 141.  Fourth, the ALJ must determine whether the

2   impairment prevents the claimant from doing past relevant work. <u>Parra</u>, 481 F.3d at 746.  If the

3   claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and

4   must determine whether the impairment prevents the claimant from performing any other

5   substantially gainful activity. <u>Id.</u>

6        The claimant bears the burden of proving steps one through four, consistent with the

7   general rule that at all times, the burden is on the claimant to establish his or her entitlement

8   to disability insurance benefits. <u>Id.</u>  Once this prima facie case is established by the claimant,

9   the burden shifts to the Commissioner to show that the claimant may perform other gainful

10  activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006).

11  **B.    Plaintiff's Past Relevant Work**

12       Plaintiff claims that the ALJ made insufficient findings regarding the requirements of

13  plaintiff's past relevant work.  Specifically, plaintiff argues that the ALJ failed to adequately

14  discuss the specific physical and mental demands of plaintiff's past relevant work and assess

15  plaintiff's ability to perform them.  (Joint Stipulation at 20-21).  Defendant argues that the ALJ

16  properly relied on the vocational expert's testimony to conclude that plaintiff could perform his

17  past relevant work as a collector, paralegal and data entry clerk.  (Joint Stipulation at 22-23).

18       In order to determine whether a claimant has the residual functional capacity to perform

19  his or her past relevant work, the ALJ must evaluate the work demands of the past relevant

20  work and compare them to the claimant's present capacity. <u>Villa v. Heckler</u>, 797 F.2d 794, 797-

21  98 (9th Cir. 1986).  The claimant has the burden of showing that he or she can no longer

22  perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); <u>Clem v. Sullivan</u>,

23  894 F.2d 328, 331-32 (9th Cir. 1990).  Although the burden of proof lies with the claimant, the

24  ALJ still has a duty to make the requisite factual findings to support his conclusion. <u>Pinto v.</u>

25  <u>Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).

26       Social Security Ruling ("SSR") 82-62 was promulgated to "explain the procedures for

27  determining a disability claimant's capacity to do past relevant work," and "to clarify the

28

provisions so that they will be consistently applied."  SSR 82-62.[1]  SSR 82-62 states that any

determination regarding the claimant's ability to perform past work "must be developed and

explained fully in the disability decision" and that "every effort must be made to secure evidence

that resolves the issue as clearly and explicitly as circumstances permit."  This determination

requires "a careful appraisal" of the claimant's statements, the medical evidence, and, in some

cases, corroborative information such as the Dictionary of Occupational Titles.  SSR 82-62

further states that adequate documentation must be obtained to support the decision, including

"factual information about those work demands which have a bearing on the medically

established limitations."  SSR 82-62.  Thus, "[d]etailed information about . . . mental demands

and other job requirements must be obtained as appropriate."  SSR 82-62.  Specifically, a

conclusion that a claimant can return to his or her past relevant work requires the ALJ to make

explicit findings of fact as to the following issues: (1) the physical and mental demands of the

past occupation; (2) the claimant's residual functional capacity; and (3) whether claimant's

residual functional capacity permits him or her to return to her past occupation.  See SSR

82-62; see also Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002).

　　　　Here, the ALJ erred by failing to make specific findings of fact regarding the physical and

mental demands of plaintiff's past work and whether plaintiff's residual functional capacity

permits him to return to his past occupation.  At the hearing, the vocational expert questioned

plaintiff about his past relevant work.  (AR at 459-60).  Plaintiff testified that as a paralegal he

"did data entry work into the computer, took records to the courthouse, back and forth . . .

research from law books . . . [and] document preparation."[2]  (AR at 460).

---

[1]  Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies.  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

[2]  Plaintiff's Work History Report provides further description of his past relevant work.  (See AR at 100-107).  Plaintiff stated that as a paralegal he "[c]arried boxes of [files] to the courts, for delivery.  Carried boxes to storage office, downstairs."  (AR at 103).  Plaintiff indicated that the heaviest weight he lifted was 50 pounds and that he frequently lifted 10 pounds.  (Id.).  As a data

1    The vocational expert testified that the Dictionary of Occupational Titles ("DOT")

2  classified plaintiff's past relevant work as a collector, DOT number 241.367-010, as light, semi-

3  skilled work; his work as a paralegal, DOT number 119.267-026, as light, skilled work; and as

4  a data entry clerk, DOT number 203.582-054, as sedentary, semi-skilled work.[3] (AR at 460-61).

5  The ALJ then asked the vocational expert if a hypothetical person with plaintiff's limitations

6

7

8

9

---

10  entry clerk, plaintiff "[c]arried boxes of medical records reports to office downstairs in same building." (AR at 104).  Plaintiff indicated that the heaviest weight he lifted as a data entry clerk was 50 pounds and that he frequently lifted 10 pounds.  (Id.).

11

12    [3] The DOT describes the duties and requirements of the numerous occupations that it chronicles.  The DOT assigns each job a strength rating that represents the overall strength requirements which are considered to be important for average, successful work performance.

13

14  Sedentary work is defined by the DOT as:

15        Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or a negligible amount

16        of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of

17        the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only

18        occasionally and all other sedentary criteria are met.

19  Light work is defined by the DOT as:

20

21        Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force

22        constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be

23        only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it

24        requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a

25        production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

26        NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically

27        demanding of a worker even though the amount of force exerted is negligible.

28

1    could perform plaintiff's past relevant work.[4]  (AR at 461-62).  The vocational expert replied that

2    the hypothetical individual "could perform all three of [plaintiff's] past occupation as described

3    by the Dictionary of Occupational Titles, but would, however, be unable to perform the

4    occupations of data entry clerk and of paralegal as [plaintiff] has described having performed

5    them, and this on the basis of lifting."  (AR at 462).

6        In his decision, the ALJ discussed the vocational expert's testimony and stated that the

7    vocational expert testified that plaintiff performed the occupations of paralegal and data entry

8    clerk at the medium exertional level.[5]  (AR at 25).  The ALJ went on to conclude that while

9    plaintiff had a residual functional capacity to perform light work, plaintiff was able to perform his

10   past relevant work and was, therefore, not disabled.  (AR at 25).  Such a conclusory finding fails

11   to satisfy the demands of SSR 82-62.  See Pinto, 249 F.3d at 845-47.

12       Although the Social Security Rulings provide that an ALJ is permitted to refer to the DOT

13   job descriptions in order to define the job as it usually is performed in the national economy,

14   there may be cases involving significant variations between a claimant's description and the

15   description shown in the DOT.  The variation may result from an incomplete or inaccurate

16   description of past work.  Employer contact or further contact with the claimant may be

_____

18   [4]  The ALJ posed the following hypothetical:

19       [L]et's assume a hypothetical individual of the same age, education,
         and work experience as [plaintiff], namely a younger individual, 42
20       years of age, a high school graduate, English speaking, who has
         performed the work that you have just told us about. Let us assume
21       that our hypothetical individual is limited by certain medical
         restrictions . . . namely, the ability to perform light work with only
22       occasional posturing, the avoidance of ladders, ropes, and scaffolds,
         unprotected hights, dangerous moving machinery, and similar fall
23       hazards.  In addition, as a prophylactic measure, the [individual]
         must have a cane available for him (sic) ambulating.

25   (AR at 461-62).

26   [5]  The DOT defines medium work as:

27       Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25
         pounds of force frequently, and/or greater than negligible up to 10
28       pounds of force constantly to move objects. Physical Demand
         requirements are in excess of those for Light Work.

1   necessary to resolve such a conflict.  SSR 82-61; <u>see</u> <u>also</u> <u>Nimick v. Sec'y</u>, 887 F.2d 864, 867

2   n.4. (8th Cir. 1989).

3        The ALJ's findings regarding plaintiff's residual functional capacity - that he is capable

4   of light work - conflict with plaintiff's descriptions of the physical requirements of his duties as

5   a paralegal and data entry clerk which the ALJ characterized as medium work.  Thus, plaintiff's

6   descriptions of his past relevant work conflicted with the ALJ's findings regarding plaintiff's

7   residual functional capacity.  Yet the ALJ's determination that plaintiff could perform his past

8   relevant work as a paralegal and data entry clerk did not involve a discussion of the demands

9   of plaintiff's past relevant work.  He did not make the required findings of fact as to whether

10  plaintiff's residual functional capacity, which the ALJ determined was a light exertional level,

11  permitted him to return to his past occupations, including paralegal and data entry clerk, which

12  the ALJ stated had a medium exertional level as performed by plaintiff.  The ALJ apparently

13  presumed that plaintiff's residual functional capacity permitted him to perform the physical and

14  mental demands of his past relevant work.  While the ALJ may have found as much, there is

15  a "gap in [the ALJ's] reasoning that must be filled on remand."  <u>Villa</u>, 797 F.2d at 799 (internal

16  quotes omitted); <u>see</u> <u>also</u> <u>Pinto</u>, 249 F.3d at 847.  As such, the ALJ erred in failing to make

17  specific findings with respect to the physical and mental demands of plaintiff's past relevant

18  work in accordance with SSR 82-62.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**C.      Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court.  <u>McAlister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully.  <u>Marcia v. Sullivan</u>, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate.  The ALJ failed to make specific findings with respect to the physical and mental demands of plaintiff's past relevant work.  On remand, the ALJ must reexamine the physical and mental demands of plaintiff's past relevant work when making conclusions with respect to his residual functional capacity to perform the work.[6]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 1, 2008

                                                    /s/
                                        JENNIFER T. LUM
                                        UNITED STATES MAGISTRATE JUDGE

---

[6]  In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider the medical record as a whole, specifically, that he failed to develop the record, properly reject the opinion of the medical expert, and properly discredit plaintiff's subjective complaints.  As explained above, however, the ALJ's error in failing to make specific findings with regard to plaintiff's past relevant work constitutes sufficient reason to remand this case.  Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again.  In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.